In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00054-CV
______________________________


Â 
Â 
IN RE: MATTER INVOLVING THE ASSIGNMENT OF
LOTTERY PRIZE OF WALTER GONZALEZ
Â 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 200th Judicial District Court
 Travis County, Texas
Trial Court No. GN500013


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â This Court has been notified that a party in this appeal has filed a petition for bankruptcy. 
Walter Gonzalez filed a petition in bankruptcy May 6, 2004, in the United States Bankruptcy Court
for the Southern District of Texas, under cause number 04-20607. Pursuant to 11 U.S.C.A. Â§ 362
(West 2004), further action in this cause is automatically stayed, and the appeal, including any
pending motions, is suspended. See Tex. R. App. P. 8.2.
Â Â Â Â Â Â Â Â Â Â Â Â Accordingly, for administrative purposes, this case is abated and will be treated as closed. 
Any party may reinstate the case by promptly filing a motion with an attached certified copy of the
order showing that the automatic bankruptcy stay has been lifted or terminated and specifying what
further action, if any, is required from this Court. In the event of reinstatement, any period that
began to run and had not expired at the time of suspension will begin anew when the proceeding is
reinstated. Any document filed while the proceeding is suspended will be deemed filed on the same
day, but after, the Court reinstates the appeal. Tex. R. App. P. 8.2, 8.3.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â August 16, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 17, 2005







dden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00113-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  HOMER DAVID HOLLOMAN,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 5th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Cass County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court No. 2009-F-00266

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Homer
David Holloman was convicted by a jury of evading arrest or detention with a
vehicle.Â  On appeal, Holloman alleges
that the trial courtÂs failure to include the offense of fleeing or attempting
to elude a police officer as a lesser-included offense of evading detention by
use of a motor vehicle constituted reversible error.Â  He also argues that the trial courtÂs
judgment was not supported by legally sufficient evidence.[1]Â  We affirm the trial courtÂs judgment as
modified. 

I.Â Â Â Â Â Â Â Â Â  Holloman Was Not
Entitled to a Lesser-Included Offense Instruction 

Â Â Â Â Â Â Â Â Â Â Â  In
his first point of error, Holloman argues that the trial court erred in
overruling his objection that fleeing or attempting to elude a police officer[2]
(ÂfleeingÂ) should have been included in the jury charge as a lesser-included
offense of evading detention by use of a motor vehicle (ÂevadingÂ).[3]
Â The Texas Court of Criminal Appeals has
spoken on this very claim in Farrakhan v.
State, where the court held that the crime of fleeing was not a lesser-included
offense of evading.Â  247 S.W.3d 720, 724
(Tex. Crim. App. 2008); see McKithan v.
State, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010) (ÂIn Farrakhan, we approved of the court of appealsÂs decision that the ÂfleeingÂ
offense was not a lesser-included offense of the charged ÂevadingÂ offense even
though proof of the charged ÂevadingÂ offense may also have shown the ÂfleeingÂ
offense. . . . These were not lesser-included offenses of the charged offenses
. . . because the State was not required
to prove these offenses in establishing the charged offenses, even though the
StateÂs evidence may have shown them.Â).Â 


Â Â Â Â Â Â Â Â Â Â Â  Utilizing
the reasoning employed by our sister court in Farrakhan v. State, which the Texas Court of Criminal Appeals has
upheld, we likewise conclude that Holloman was not entitled to an instruction
on fleeing since it is not a lesser-included offense of evading.Â  263 S.W.3d 124, 143Â44 (Tex. App.ÂHouston
[1st Dist.] 2006), affÂd, 247 S.W.3d
720 (Tex. Crim. App. 2008).Â  HollomanÂs
first point of error is overruled. 

II.Â Â Â Â Â Â Â  Legally Sufficient
Evidence Supported the Trial CourtÂs Judgment

Â Â Â Â Â Â Â Â Â Â Â  A.Â Â Â Â Â Â Â  Standard of Review 

Â Â Â Â Â Â Â Â Â Â Â  In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the verdict to determine whether any rational jury could have
found the essential elements of evading arrest or detention with a vehicle
beyond a reasonable doubt. Â Brooks, 323 S.W.3d at 912 (citing Jackson, 443 U.S. at 319); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.ÂTexarkana 2010, pet. refÂd) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).Â  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented.Â 
Brooks, 323 S.W.3d at 917 (Cochran,
J., concurring).Â  We examine legal
sufficiency under the direction of the Brooks
opinion, while giving deference to the responsibility of the jury Âto fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.Â Â Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318Â19).Â  

Â Â Â Â Â Â Â Â Â Â Â  Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically-correct jury charge. Â Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim. App.
2008); Vega v. State, 267 S.W.3d 912,
916 (Tex. Crim. App. 2008).Â  ÂA person
commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him.ÂÂ  Tex.
Penal Code Ann. Â§ 38.04(a).Â 
Evading arrest or detention is a state-jail felony if Âthe actor uses a
vehicle while the actor is in flight.Â Â Tex. Penal Code Ann. Â§ 38.04(b)(1)(B).Â  Thus, the hypothetically-correct jury charge
required the State to prove that (1) Holloman; (2) intentionally or knowingly;
(3) fled from a person he knew was a peace officer; (4) who was attempting to
lawfully detain or arrest him.Â  

Â Â Â Â Â Â Â Â Â Â Â  B.Â Â Â Â Â Â Â  The Sufficient Evidence 

Â Â Â Â Â Â Â Â Â Â Â  Uniformed
officers Eric White and Shane Lawrence were travelling in a marked patrol car
when they passed HollomanÂs Dodge Diplomat on the road.Â  White noticed Holloman was not wearing his
seat belt, and his license plate and registration were expired.Â  Lawrence testified that White Âreached down
and turned his lights on and as soon as he turned his lights on I told him, I
said, Corporal, I believe heÂs trying to run.Â 
[Holloman] accelerated.Â  You could
hear his motor, the acceleration in the motor as he took off.ÂÂ  White testified the patrol car lights were on
and sirens were blaring.Â  

Â Â Â Â Â Â Â Â Â Â Â  Holloman
drove at a Âhigh rate of speed,Â leading White, Lawrence, and other officers
who had joined the pursuit on a lengthy chase. Â During the attempted flight, Holloman
disregarded at least seven stop signs.Â 
At one point, White testified Holloman Âran [a] stop sign . . . and went
across the highway into the ditch and narrowly missed a westbound car.ÂÂ  Then, Holloman took Âthe car off into a
pasture.ÂÂ  Â[H]e throwed [sic] the tread
off of his right front tire.ÂÂ  After
Holloman travelled Âoff-road[,] he jump[ed] out of the car and start[ed]
running.ÂÂ  Â[H]e fled on foot up the hill
and toward the wood line.ÂÂ  Lawrence
exited the patrol car driven by White and followed Holloman on foot.Â  Joining the pursuit, Officer Richard Lewis
Âdrove [his] patrol car up the hill and got out and held him at gunpoint until Trooper
Lawrence could get up there and place him in handcuffs.Â[4]Â  

Â Â Â Â Â Â Â Â Â Â Â  Viewing
all the evidence in the light most favorable to the verdict, we find that a
rational jury could have found, beyond a reasonable doubt, that Holloman
intentionally or knowingly fled from police officers who were attempting to
lawfully detain or arrest him.Â 
Accordingly, we conclude the evidence was legally sufficient to support
the trial courtÂs judgment.Â  HollomanÂs
last point of error is overruled. 

III.Â Â Â Â Â Â  Judgment
is Reformed to Reflect HollomanÂs Plea of Not Guilty 

Â Â Â Â Â Â Â Â Â Â Â  The
Texas Rules of Appellate Procedure give this Court authority to reform
judgments and correct typographical errors to make the record speak the
truth.Â  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356
(Tex. App.ÂTexarkana 2009, no pet.).Â 
ÂOur authority to reform incorrect judgments is not dependent on the
request of any party, nor does it turn on a question of whether a party has or
has not objected in trial court; we may act sua sponte and may have a duty to
do so.ÂÂ  Rhoten, 299 S.W.3d at 356 (citing Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.ÂDallas 1991, writ
refÂd).Â  The judgment in this case
reflects that Holloman pled guilty to the offense.Â  This was incorrect.Â  We modify the judgment to reflect HollomanÂs
plea of Â[n]ot guilty.ÂÂ  

IV.Â Â Â Â Â Â  CONCLUSION 

Â Â Â Â Â Â Â Â Â Â Â  As modified, we
affirm the judgment. 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March
17, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March
18, 2011

Â 

Do Not Publish

Â 











[1]Holloman
also complains the evidence was factually insufficient to support his
conviction.Â  We have previously explained
that in Brooks v. State, 323 S.W.3d
893, 894Â95, 912Â13 (Tex. Crim. App. 2010) (Cochran, J., concurring),

Â 

a plurality of the Texas Court of Criminal Appeals abolished
the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its
progeny. Â The plurality and the
concurring judges agreed that the Jackson
v. Virginia, 443 U.S. 307 (1979), legal sufficiency standard is the sole
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt. Â Brooks,
323 S.W.3d at 894Â95, 912Â13. Â Since the
Texas Court of Criminal Appeals has abolished factual sufficiency review, we
need not address [appellantÂs] challenge to the factual sufficiency of the
evidence. Â 

Â 

Louis v. State, 329 S.W.3d 260, 267 n.5 (Tex.
App.ÂÂTexarkana 2010, no pet.). 

Â 





[2]Tex. Transp. Code Ann. Â§ 545.421
(Vernon Supp. 2010).Â  

Â 





[3]Tex. Penal Code Ann. Â§ 38.04 (Vernon Supp.
2010). 





[4]Holloman
argues Âthat a rational jury could not convict Defendant of such offense for
the reason that Officers White and Lawrence were unable to identify Appellant
as the operator of the Dodge Diplomat.ÂÂ 
This argument is without merit.Â 
Lawrence, White, and Lewis all testified Holloman was the driver of the
vehicle, and there was testimony that no other people were in the vehicle or
exited the vehicle.Â